08-5073-ag
Wang v. Holder

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> > *Circuit Judges,*
> RICHARD J. SULLIVAN,
> > *District Judge.*[*]

_____

WEI QING WANG,

> *Petitioner,*

> v.                                                                          No. 08-5073-ag

ERIC H. HOLDER JR., *U.S. Attorney General,*[**]

> *Respondent.*

_____

For Petitioner:        DANIEL B. LUNDY, Barst & Mukamal, LLP, New York, NY

_____

[*] The Honorable Richard J. Sullivan, United States District Judge for the Southern District of New York, sitting by designation.

[**] Pursuant to Fed.R.App.P.43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for Michael B. Mukasey as respondent in this case.

For Respondent: JOHN W. BLAKELEY, Senior Litigation Counsel (Tony West, Assistant Attorney General, Leslie McKay, Assistant Director, *on the brief*), Office of Immigration Litigation, U.S. Department of Justice, Washington, DC

Petition for review of a decision of the Board of Immigration Appeals.

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DISMISSED.**

Petitioner Wei Qing Wang, a native and citizen of the People's Republic of China, seeks review of an order of the Board of Immigration Appeals ("BIA") dated September 10, 2008, denying his motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The government argues that we should dismiss the instant petition for review pursuant to the fugitive disentitlement doctrine because he failed to surrender to the immigration authorities after receiving a notice to surrender for deportation (commonly called a bag-and-baggage letter) from the Immigration and Naturalization Service ("INS"). "The fugitive disentitlement doctrine is an equitable doctrine that provides courts with discretion to dismiss the appeal of a defendant or petitioner who is a fugitive from justice during the pendency of the appeal." *Qian Gao v. Gonzales*, 481 F.3d 173, 175 (2d Cir. 2007). All that is necessary for an alien to be considered a fugitive is the issuance of a bag-and-baggage letter and the alien's failure to comply with the letter. *Id.* at 176.

Arguing that this case is closely analogous to *Qian Gao* and that the fugitive disentitlement doctrine therefore applies, the government had moved to stay briefing on the merits, pressing this Court to dismiss the appeal or to grant the government's alternative motion

for summary disposition.  As *Qian Gao* made clear, however, the decision to apply the fugitive

disentitlement doctrine is discretionary.  *Id.* at 178.  We therefore held the motion to dismiss in

abeyance pending briefing and argument on the merits.  We have now received such briefing and

heard such argument.  Noting the paucity of petitioner's arguments on the merits — that the BIA

1) abused its discretion by denying his motion to reopen as untimely when it was clearly untimely

and none of the exceptions to the 90-day filing window apply here; and 2) improperly declined to

reopen the proceedings *sua sponte* when we lack jurisdiction to review such decisions, *Ali v.

Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006) — we now dismiss the petition on fugitive

disentitlement grounds.

The facts of this case are almost identical to those presented in *Qian Gao*.  Having failed

to voluntarily depart in accordance with an order of the BIA, petitioner's grant of voluntary

departure automatically converted to an order of deportation pursuant to 8 C.F.R. § 1240.26(d).

Instead of complying with the deportation order, petitioner remained in the country and married a

lawful permanent resident of the United States.  In August 1999, he was issued a bag-and-

baggage letter from the INS directing him to surrender for deportation, with which he failed to

comply.  *Cf. id.* at 174-75.

Circuit precedent, therefore, strongly suggests that the fugitive disentitlement doctrine is

applicable here.  *See id.* at 177-78.  While Mr. Wang has not actively concealed his whereabouts

from U.S. authorities — indeed, he has lived with his U.S.-citizen wife and daughters in North

Carolina for a number of years, operating a restaurant business and filing federal income tax

returns — his actions nevertheless demonstrate his willingness to ignore the orders of the

immigration authorities by "continu[ing] to carry on his life in complete disregard of the outstanding bag-and-baggage letter and deportation order against him." *Id.* at 175.

Petitioner would not have any basis to challenge his deportation order were it not for the fact that he got married after his voluntary departure was converted to an order of deportation. In other words, the ground on which he now seeks relief is an event "of his own making that transpired while he was a fugitive." *Id.* at 178. When the basis of an alien's motion to reopen consists of events that transpired while he was a fugitive, permitting his appeal to go forward "would have the perverse effect of encouraging aliens to evade lawful deportation orders in the hope that, while they remain fugitives, they may contrive through their own efforts a new basis for challenging deportation." *Id.*

Because Mr. Wang presented no circumstances militating against applying the fugitive disentitlement doctrine,[1] this appeal is dismissed so as to "discourage petitioners from fleeing to evade the finality of a lawful deportation order and the removal to come." *Id.*

We have considered all of petitioner's other arguments and find them to be without merit. For the reasons set forth above, the petition for review is **DISMISSED.** Having completed our review, we dismiss petitioner's motion for a stay as moot.

FOR THE COURT
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] We reject petitioner's argument that the equities in his case do not favor applying the doctrine because he relied on advice provided by a "service agency." Petitioner received the inaccurate advice two years before he received the bag-and-baggage letter from the INS directing him to leave the country. Having never returned to the agency to ask about the consequences that this new letter entailed, he cannot now claim to have acted in reliance on it.